UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACK K. STEIN, | ) CASE NO. C06-1047-MJP |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| KENNETH QUINN, | ) |
| Defendant. | ) |

Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 42 U.S.C. § 1983. He names as sole defendant Kenneth Quinn, the Superintendent of the Monroe Correctional Complex ("MCC") in Monroe, Washington. The complaint has not been served on defendants because, as discussed below, plaintiff's action is barred by the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971).

The essence of plaintiff's complaint, as described in that document and the 40-page memorandum he attaches thereto, is that prison officials at MCC violated his constitutional rights when they removed eleven boxes of legal materials from his cell without proper justification. Plaintiff asks that the court order the prison officials to return the boxes to him and also that the

REPORT AND RECOMMENDATION
PAGE -1

01 court overturn his criminal conviction as a result of this misconduct on the part of MCC.
02 (Complaint at 4).

03     However, this cause of action should not be heard in federal court at this time, because
04 plaintiff is pursuing the same relief in state court. Plaintiff states clearly in the complaint that he
05 has filed an action in the Washington Court of Appeals. (Complaint at 2). He also provides
06 several exhibits demonstrating that the Court of Appeals has been considering his claim.
07 (Complaint, "Attachment C"). In addition, it appears that plaintiff has appealed some of the
08 rulings of the Court of Appeals to the Washington Supreme Court. *See Washington v. Stein*, Case
09 No. 78977-1 (Wash. S. Ct.; Motion for Discretionary Review filed July 26, 2006).

10     In *Younger,* the Supreme Court held that principles of equity and comity bar federal courts
11 from enjoining pending state court criminal prosecutions. The Court has since extended *Younger*
12 "beyond state criminal prosecutions, to civil enforcement proceedings, and even to civil
13 proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to
14 perform their judicial functions." *New Orleans Public Serv., Inc. v. Council of City of New*
15 *Orleans*, 491 U.S. 350, 367-68 (1989) (citations omitted). The Ninth Circuit has articulated the
16 test for *Younger* abstention as follows: "If a state-initiated proceeding is on-going, and if it
17 implicates important state interests . . . , and if the federal litigant is not barred from litigating
18 federal constitutional issues in that proceeding, then a federal court action that would enjoin the
19 proceeding, or have the practical effect of doing so, would interfere in a way that     *Younger*
20 disapproves." *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc).

21     Applying this test here, it is clear that a proceeding is on-going in state court and that the
22 proceeding implicates important state interests, *i.e.*, a dispute between a state prisoner and prison

REPORT AND RECOMMENDATION
PAGE -2

01 officials. Furthermore, while the record of the state court proceeding is not fully before the court,
02 it appears that plaintiff is not barred from asserting his federal rights in that proceeding. Finally,
03 granting plaintiff the relief he seeks here would be tantamount to enjoining the state proceeding
04 by making that proceeding unnecessary.

05 Accordingly, the test for *Younger* abstention is met and the instant complaint and this
06 action should be dismissed without prejudice.[1] A proposed Order accompanies this Report and
07 Recommendation.

08 DATED this 22nd day of August, 2006.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

---

[1] Because it is clear that no amendment could cure the defects discussed above, plaintiff is not entitled to an opportunity to amend the complaint prior to dismissal. *See Lucas v. Dep't of Corrections*, 66 F. 3d 245, 248 (9th Cir. 1995).

REPORT AND RECOMMENDATION
PAGE -3