UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK K. STEIN,

        Plaintiff,

v.

KENNETH QUINN,

        Defendant.

No. C06-1047P

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND REMANDING CASE TO MAGISTRATE JUDGE THEILER

This matter comes before the Court on Plaintiff's objections (Dkt. No. 9) to a Report and Recommendation by the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 8). On August 22, 2006, Judge Theiler recommended that Plaintiff's action be dismissed without prejudice pursuant to the Younger abstention doctrine. Although the Court agrees that Younger applies to Plaintiff's case, the Court finds that Gilbertson v. Albright requires a stay, rather than a dismissal, of section 1983 damages claims that implicate Younger. Therefore, the Court ADOPTS in part the Report and Recommendation and REMANDS this matter to Judge Theiler to consider whether this action should proceed or be stayed.

**Background**

Plaintiff Jack K. Stein, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Mr. Stein claims that officials at the Monroe Correctional Complex violated his constitutional rights by

ORDER - 1

removing eleven boxes of legal materials from his cell without proper justification. He asks this Court to order the prison officials to return the boxes, replace any destroyed documents, grant damages, and overturn his criminal conviction. (Dkt. No. 6 at 4). Judge Theiler found that Mr. Stein's action implicates the <u>Younger</u> abstention doctrine because it appeared he was seeking similar relief in state court at the time he filed his complaint in this Court.

In his objections to the Report and Recommendation, Mr. Stein asserts that the state proceedings have now terminated, thereby making <u>Younger</u> inapplicable. Records of the Washington Supreme Court indicate that a ruling was issued on August 31, 2006, terminating review of Mr. Stein's case (Case No. 789771). Yet, records from the Court of Appeals Division I indicate that Mr. Stein has at least one ongoing action there (Case No. 587684). Thus, it is not entirely clear from the records if the state proceedings have indeed ended.

**Analysis**

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court established the abstention doctrine by holding that principles of equity and comity prevent federal courts from enjoining pending state criminal prosecutions. In <u>New Orleans Public Service, Inc. v. Council of City of New Orleans</u>, the Supreme Court broadened the <u>Younger</u> doctrine to go "beyond state criminal prosecutions, to civil enforcement proceedings, and even to civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." 491 U.S. 350, 367-68 (1989) (internal citations omitted).

The en banc Ninth Circuit in <u>Gilbertson v. Albright</u> adopted a three-part test for <u>Younger</u> abstention: "*If* a state-initiated proceeding is ongoing, and *if* it implicates important state interests..., and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding," then a federal court should refrain from actions that "would enjoin the proceeding, or have the practical effect of doing so." 381 F.3d 965, 978 (9th Cir. 2004) (italics in original). Moreover, to determine an "ongoing" action, the critical inquiry is whether the state proceedings "were underway

ORDER - 2

before the initiation of the federal proceedings." Id. at 969, n.4 (citing Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987)).

The Ninth Circuit in Gilbertson also held that if the Younger doctrine applies, the federal court should *stay*, rather than dismiss, an action when damages are at issue. The Ninth Circuit first concluded, "*Younger* principles may apply to claims for damages under § 1983. Damages suits that turn on a constitutional challenge to pending state proceedings implicate the reasons for *Younger* abstention as much as equitable or declarative relief actions." Gilbertson, 381 F.3d at 979. The court then opined, "there is no reason why federal interference with the state proceeding cannot be avoided, thus preserving the interests of comity, yet damages also be available in the federal court." Id. at 980. Accordingly, the court held, "when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state proceeding is no longer pending." Id. at 981 (italics in original). To bolster this holding, the court explained that "[m]ost circuits favor staying a damages claim when *Younger* principles apply." Id. at 980; See also Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075-76 (6th Cir. 1998) (holding that in a section 1983 action that seeks both injunctive relief and monetary damages, the proper course of action is to stay proceedings on monetary as well as injunctive actions); Yamaha Motor Corp., U.S.A. v. Stroud, 179 F.3d 598, 603-04 (8th Cir. 1999) (holding that a stay is appropriate when monetary damages are sought along with injunctive relief and the federal court is not asked to find a state statute unconstitutional to award damages).

Based on the three-part test in Gilbertson, Judge Theiler correctly found that the Younger abstention doctrine applies to Mr. Stein's section 1983 action. Although Mr. Stein claims that the state proceedings have terminated, those proceedings are still considered "ongoing" under Gilbertson because they were underway before he filed the federal action. Additionally, the action involves the important state interest of resolving a dispute between a state prisoner and the prison officials. Lastly, while the record of the state court proceeding is not available, Mr. Stein has not claimed that he is

ORDER - 3

unable to litigate the alleged constitutional violations in the state court. Therefore, Mr. Stein's action comes within the Younger abstention doctrine.

While the Younger doctrine controls, Gilbertson provides that Mr. Stein's action in this Court should be stayed, rather than dismissed. In his prayer for relief, Mr. Stein asks this Court for damages resulting from the prison officials' alleged seizure of his eleven boxes of legal materials. Such a prayer establishes that damages are at issue, and Gilbertson requires this Court to stay Mr. Stein's action until the completion of the state proceeding. Therefore, the Court will not order dismissal of this action. Instead, on remand, Judge Theiler should determine whether this action should be stayed or whether it should proceed because the state proceedings have been completed.

**Conclusion**

The Court ADOPTS in part the Report and Recommendation and REMANDS this matter to Judge Theiler. The Court agrees that Younger applies to this case. However, Gilbertson requires a stay, rather than a dismissal, of section 1983 damages claims that implicate Younger. Therefore, the Court remands the matter to Judge Theiler to determine whether this action should proceed or be stayed.

The Clerk is directed to send copies of this order to Plaintiff and to the Honorable Mary Alice Theiler.

Dated: October 27, 2006.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4