01
02
03
04

05 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
06 AT SEATTLE

07 JACK K. STEIN,                          )   CASE NO. C06-1047-MJP-MAT
                                           )
08        Plaintiff,                       )
                                           )
09        v.                               )   ORDER TO SHOW CAUSE
                                           )
10 KENNETH QUINN,                          )
                                           )
11        Defendant.                       )
   _____ )

12

13      Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis* in this

14 action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges in his complaint and in a separate

15 motion for preliminary injunction that prison officials removed from his cell eleven boxes of legal

16 materials without proper justification. On October 27, 2006, the Honorable Marsha J. Pechman

17 remanded this case to the undersigned United States Magistrate Judge "to determine whether this

18 action should be stayed or whether it should proceed because state proceedings have been

19 completed." (Dkt. #14 at 4). Accordingly, the court does hereby find and ORDER as follows:

20      (1) Under *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004) (en banc), the

21 present action should be stayed if state proceedings are ongoing. As Judge Pechman noted, "it

22 is not entirely clear from the records if the state proceedings have indeed ended." (Dkt. #14 at 2).

ORDER TO SHOW CAUSE
PAGE -1

01 It appears that plaintiff still has one action pending in the Washington Court of Appeals (Case No. 587684). Therefore, within 21 days from the date of this Order, plaintiff shall SHOW CAUSE in writing why this action should not be stayed pending the completion of state court proceedings. In order to demonstrate that state court proceedings have ended, plaintiff shall file a copy of any ruling, order, or mandate from the state court that reflects that proceedings have terminated.

(2) If plaintiff makes the showing described above, allowing this case is to proceed, plaintiff is advised that, upon further order of the court, he will be required to amend his pleadings to correct the following deficiencies in his complaint and motion for a preliminary injunction:

(A) In his complaint and in his motion for preliminary injunction, plaintiff requests that the court direct defendants to return the eleven boxes of legal materials that they allegedly confiscated from his cell. However, this request for relief is inconsistent with plaintiff's assertion elsewhere that the boxes have already been destroyed. (Dkt. #7 at 17; Dkt. #13 at 3). Indeed, plaintiff attaches an exhibit to one of his pleadings that appears to show unequivocally that the boxes were destroyed on April 7, 2006. (Dkt. #7, Ex. 17). Consequently, it appears that plaintiff's request for the return of the boxes is moot.

(B) Plaintiff also seeks damages for the loss of the legal materials contained in the boxes. He states in his motion for a preliminary injunction that "[w]hile [plaintiff] is not required to show prejudice to prevail, [he] suffered prejudice because he did not have access to facts, documents, and transcripts to use in pleadings before State Court and pleadings before the Federal District Court." (Dkt. #7 at 17). Plaintiff is advised that contrary to his assertion that he need not show prejudice, the Supreme Court has held that a prisoner who claims that prison officials have denied him access to the courts, must show an "actual injury" stemming from the alleged violation.

*See Lewis v. Casey*, 518 U.S. 343, 349 (1996). "Actual injury" is a jurisdictional requirement that flows from standing doctrine and may not be waived. *Id.* Absent such a showing, plaintiff's claim for his boxes would simply be a claim for lost or damaged property, which would not rise to the level of a constitutional violation. *See Zinerman v. Burch*, 494 U.S. 113, 129-32 (1990) (holding that where a prisoner alleges the deprivation of a property interest, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy).

(C) In his motion for preliminary injunction, plaintiff refers in a disparaging manner to a prison official he identifies as "Prince Williams." Specifically, plaintiff calls Mr. Williams "an EVIL and dishonest black man. . . ." (Dkt. #7 at 6) (emphasis in original). Plaintiff is advised that such abusive language has no place in a court of law and violates General Rule 9 of the Local Rules, which dictates that litigation in this district "must be free from prejudice and bias in any form." Local Rule GR 9, W.D. Washington. Plaintiff is warned that any future remarks of this nature will result in the imposition of sanctions against him, which may include dismissal of this action.

(3) The Clerk shall send a copy of this Order to plaintiff and to Judge Pechman.

DATED this <u>31st</u> day of October, 2006.

Mary Alice Theiler
United States Magistrate Judge

ORDER TO SHOW CAUSE
PAGE -3