UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JACK K. STEIN, | ) | CASE NO. C06-1047-MJP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | SECOND REPORT AND |
| | ) | RECOMMENDATION |
| KENNETH QUINN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 42 U.S.C. § 1983. The essence of plaintiff's complaint is that prison officials violated his constitutional rights when they removed eleven boxes of legal materials from his cell without proper justification. The Court issued an Order to Show Cause on October 31, 2006, advising plaintiff to address certain deficiencies in his complaint. (Dkt. #15). Plaintiff has filed a response to the Order to Show Cause. (Dkt. #16). Having reviewed the response, the Court recommends that the complaint and this action be dismissed without prejudice.

PROCEDURAL HISTORY

On August 21, 2006, plaintiff was granted *in forma pauperis* status and his 1983 complaint

SECOND REPORT AND RECOMMENDATION
PAGE -1

was filed. Upon screening the complaint, the undersigned United States Magistrate Judge noted that it appeared that plaintiff was seeking similar relief from the state court. Consequently, on August 22, 2006, the undersigned issued a Report and Recommendation ("R&R") recommending that the instant lawsuit be dismissed without prejudice pursuant to the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). (Dkt. #8).

On October 27, 2006, the District Judge assigned to this case, the Hon. Marsha J. Pechman, adopted the R&R in part. (Dkt. #14). Judge Pechman concluded that *Younger* was implicated but that a stay, rather than dismissal, would be required if state court proceedings were still on-going. Because the record was not clear, Judge Pechman remanded the case to the undersigned to determine whether state proceedings had terminated and whether the instant action should proceed or be stayed.

In accordance with Judge Pechman's Order, the undersigned issued an Order to Show Cause ("OSC") on October 31, 2006, directing plaintiff to address whether his state court proceedings had terminated. (Dkt. #15). The Court also directed plaintiff to address three other areas of concern regarding his complaint:

(1) Whether the eleven boxes had been destroyed, as indicated by one of the exhibits he had provided, rendering the instant lawsuit moot;

(2) Whether the removal of the eleven boxes had caused him "actual injury" sufficient to establish standing; and

(3) Whether plaintiff agreed to discontinue the use of inappropriate language in his pleadings before this Court.

(Dkt. #15 at 2-3).

SECOND REPORT AND RECOMMENDATION
PAGE -2

01  On November 13, 2006, plaintiff filed a response to the OSC. He addressed each of the

02 above concerns in his response and the Court will address them in turn.

03  DISCUSSION

04  1. Whether plaintiff's proceedings in state court have terminated.

05  In the OSC, the Court noted that it appeared that plaintiff had one action still pending in

06 the Washington Court of Appeals, Case No. 587684. The Court directed plaintiff to address

07 whether the pending state proceeding had terminated and, if so, to provide evidence thereof. (Dkt.

08 #15 at 2).

09  Plaintiff in his response concedes that Case No. 587684 is still pending in state court.

10 (Dkt. #16 at 2). However, he asserts that the state court proceeding is against a different

11 respondent and has nothing in common with the instant proceedings. Therefore, plaintiff contends

12 that a stay under *Younger* is not required.

13  Plaintiff does not support his assertion with any documents from the state court showing

14 that the proceeding there involves wholly different claims. Thus, he does not conclusively show

15 that the instant proceedings should not be stayed pursuant to *Younger*. However, in light of the

16 other deficiencies noted below, the Court need not rest its recommendation solely upon a finding

17 that *Younger* precludes the instant lawsuit from advancing.

18  2. Whether the eleven boxes had been destroyed, rendering the instant lawsuit moot.

19  In response to the Court's directive that plaintiff show that the eleven boxes have not been

20 destroyed, as indicated unequivocally by one of the exhibits filed earlier (Dkt. #7, Ex. 17), plaintiff

21 asserts that two prison officials have told him that the boxes still exist. (Dkt. #16 at 7). However,

22 plaintiff does not identify these prison officials nor does he support his assertion with any evidence,

such as statements from the prison officials themselves. Consequently, he has not satisfied this Court's concern that the instant lawsuit seeking return of the boxes would be an exercise in futility because the boxes have been destroyed.

3.  Whether the removal of the eleven boxes has caused plaintiff "actual injury."

In the OSC, the Court advised plaintiff that, in order to state a claim based upon the loss of the boxes, he needed to allege facts establishing that he had suffered an "actual injury," a jurisdictional requirement that flows from standing doctrine and may not be waived. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). (Dkt. #15 at 2). To show "actual injury," a plaintiff must allege "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

In his response to the OSC, plaintiff disputes that he is required to show "actual injury," and contends, instead, that prejudice from the loss of the boxes may be presumed. (Dkt. #17 at 7). Plaintiff cites no authority to support this contention. In addition, plaintiff asserts in a conclusory fashion that if actual injury is required, he has met that standard already, and can provide further evidence of actual injury at an evidentiary hearing. (*Id.*)

Plaintiff's response is inadequate to answer the Court's concern that he has not established actual injury and consequently has not met the jurisdictional requirement of standing.

4.  Whether plaintiff agrees to discontinue the use of inappropriate language in his pleadings.

In the OSC, the Court noted that plaintiff had referred to a defendant in this action as "an EVIL and dishonest black man. . . ." (Dkt. #15 at 3) (emphasis in original). The Court advised plaintiff that such language was inappropriate in a court of law, and cited Local Rule GR 9 as

01 prohibiting the presence of bias or prejudice in any form in litigation in this district. Plaintiff was
02 warned that further instances of abusive language would result in sanctions, including the possible
03 dismissal of this action.
04     In his response to the OSC, plaintiff states that he fails to see how the above-quoted
05 language is inappropriate. (Dkt. #16 at 8). He therefore provides no assurance that he will refrain
06 from using such language in the future.
07     Again, the Court finds plaintiff's response to be inadequate. By failing to recognize the
08 problem, plaintiff's response wholly ignores his duty to follow in the future the rules governing
09 bias-free litigation in this Court.

10 <u>CONCLUSION</u>

11     In sum, plaintiff's response to the OSC falls short on all counts. Plaintiff has failed to
12 conclusively show that *Younger* does not apply, or to adequately address the deficiencies in his
13 complaint. Accordingly, the Court recommends that the complaint and this action be dismissed
14 without prejudice.[1] A proposed Order accompanies this Report and Recommendation.
15     DATED this <u>8th</u> day of December, 2006.

16
17                              Mary Alice Theiler
                             United States Magistrate Judge
18
19
20

---

21 [1] In so recommending, the Court is mindful that if *Younger* were the sole issue before the Court, then a stay would be the appropriate remedy instead of dismissal. *See Gilbertson v.*
22 *Albright*, 381 F.3d 965 (9th Cir. 2004) (*en banc*).

SECOND REPORT AND RECOMMENDATION
PAGE -5