UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK K. STEIN,

    Plaintiff,

 v.

KENNETH QUINN,

    Defendant.

No. C06-1047P

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND

   This matter comes before the Court on Plaintiff's objections to a second report and recommendation (R&R) by the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 17). Judge Theiler recommends that Plaintiff's complaint and action be dismissed without prejudice.

   Having reviewed the R&R, Plaintiff's objections, and the balance of the record in this case, and taking judicial notice of court records, the Court adopts in part the second R&R. The Court agrees that Plaintiff's complaint is subject to dismissal without prejudice. However, the Court will grant Plaintiff leave to file an amended complaint to attempt to cure deficiencies regarding his claim under 42 U.S.C. § 1983. Any amended complaint must be filed within <u>thirty (30) days</u> of the date of this order. The reasons for the Court's order are set forth below.

ORDER - 1

**Background**

Plaintiff Jack Stein, a state prisoner, is proceeding pro se and in forma pauperis in this action. Plaintiff's pleadings refer to a long history of criminal and civil litigation in various courts, which the Court discusses briefly below.

In 1988, Plaintiff was arrested and charged a number of crimes, including attempted murder and burglary. See State v. Stein, 144 Wn.2d 236, 239 (2001). Plaintiff was convicted in Clark County Superior Court on four counts and sentenced to 540 months in prison. In 1991, the Washington Court of Appeals dismissed Plaintiff's appeal of that conviction. In 1996, Judge Bryan of this Court granted a writ of habeas corpus and ordered Plaintiff's appeal reinstated. See Stein v. Wood, C91-5523. In 1999, the state Court of Appeals reversed Plaintiff's conviction. In 2001, the Washington Supreme Court affirmed the Court of Appeals' ruling and remanded for a new trial.

In 2004, Plaintiff was retried in Clark County Superior Court and was convicted of three counts of attempted murder and one count of burglary. See Stein v. Spaulding, C04-5499FDB (Dkt. No. 50 at 1). It appears from court records that Plaintiff's direct appeal of the 2004 conviction is still pending in Division II of the Washington Court of Appeals.

Plaintiff filed this action in July 2006 against Defendant Kenneth Quinn, a prison official. The complaint (Dkt. No. 6) is labeled as a civil rights complaint by a prisoner under 42 U.S.C. § 1983 and states Plaintiff's claim as follows:

1) TRCC [Twin Rivers Correctional Center] officials confiscated 11 boxes of legal files which contained transcripts from 2004 criminal trial presently under appeal and case notes and pleadings and work product related to actions now pending in the court and actions proposed.

2) Government officials committed a pattern of egregious misconduct and due process violations that sabotaged fundamental civil rights as presented in the attached brief and memorandum.

The attached brief is titled "Petitioner's motion for a preliminary injunction and temporary restraining order, and for post-conviction relief." The brief runs 40 pages and includes a number of exhibits.

ORDER - 2

1    Plaintiff's complaint requests the following relief: "(1) Return the legal files confiscated Nov. 29, 2005; (2) Replace any documents destroyed by DOC staff; (3) Compensation as to be proven for any damages; (4) Release from confinement and dismissal of conviction as remedy for Government misconduct; and (5) Other relief as to the Court seems just and proper." (Dkt. No. 6 at 4).

Before Plaintiff filed this complaint, it appears that he filed a motion in his pending state court criminal appeal that sought injunctive relief regarding the removal of his legal materials. On February 9, 2006, a Court of Appeals commissioner denied Plaintiff's motion for injunctive relief, finding that Plaintiff had not demonstrated a need for the materials. (Dkt. No. 7-2 at Att. C). On May 18, 2006, the Court of Appeals stayed the Commissioner's ruling and ordered a response from the Department of Corrections. Id. On July 7, 2006, the Court of Appeals lifted the stay and denied Plaintiff's motion to modify the Commissioner's ruling. Id. Plaintiff filed his action in this court later in the month.

On August 22, 2006, Judge Theiler recommended dismissal of this action without prejudice under the Younger abstention doctrine. Judge Theiler noted that Plaintiff appeared to be pursuing the same relief in state court that he was seeking in this Court and that the Younger doctrine required this Court to abstain from interfering in ongoing state court proceedings.

On October 27, 2006, the Court adopted in part the R&R. The Court agreed that Plaintiff's case implicated the Younger doctrine. However, Court found that Ninth Circuit law required that his case be stayed, rather than dismissed, pending completion of state court proceedings. The Court remanded the case to Judge Theiler to determine whether the action should be stayed or proceed, depending on whether the state court proceedings had been completed.

Judge Theiler issued an order directing Plaintiff to show cause why the action should not be stayed because state court proceeding were ongoing. The order to show cause noted three other problems with Plaintiff's pleadings: (1) Plaintiff had offered evidence that the boxes were destroyed, which would render his request for return of the boxes moot; (2) Plaintiff had not alleged an actual

ORDER - 3

1    injury caused by the deprivation of the boxes; and (3) Plaintiff had described a person as an "EVIL and
2    dishonest black man," contrary to Court rules regarding bias-free litigation.

3          Following Plaintiff's response to the show cause order, Judge Theiler issued the pending R&R,
4    which recommends dismissal of the complaint and the action without prejudice. Judge Theiler found
5    that Plaintiff's response to the order to show cause was "inadequate to answer the Court's concern
6    that he has not established actual injury and consequently has not met the jurisdictional requirement of
7    standing." (Dkt. No. 17 at 4). Judge Theiler also found that Plaintiff had not satisfied concerns that
8    "the instant lawsuit seeking return of the boxes would be an exercise in futility because the boxes have
9    been destroyed." Id. In addition, Judge Theiler found that Plaintiff had not conclusively shown that
10   state court proceedings had terminated and had not provided assurance that he would refrain from
11   using biased language in the future. Plaintiff has filed objections to the R&R.

12   **Analysis**

13   A.     Younger Abstention

14         The Court first considers whether state court proceedings regarding the removal of Plaintiff's
15   legal materials have terminated. If state court proceedings are ongoing, this action should be stayed
16   under the Younger abstention doctrine and the Ninth Circuit's decision in Gilbertson v. Albright, 381
17   F.3d 965 (9th Cir. 2004).

18         Court records indicate that Plaintiff's direct appeal of his criminal conviction is currently
19   pending in Division II of the Washington Court of Appeals. In his criminal appeal, Plaintiff filed a
20   motion for injunctive relief regarding the removal of his legal materials. However, the Court of
21   Appeals denied that motion and it appears from court records that the state Supreme Court denied
22   review of that decision on August 31, 2006. As a result, it does not appear that there are proceedings
23   currently pending in state court regarding the removal of Plaintiff's legal materials.

24         Plaintiff has another action pending in Division I of the Washington Court of Appeals under
25   case number 587684. Plaintiff states that the Division I case is against the state Department of Labor

ORDER - 4

1  & Industries (L&I) and is not related to the removal of his legal materials. In his objections, Plaintiff

2  has attached a document issued by Division I that confirms that the case is against L&I. Although the

3  record is not entirely clear on this issue, it does not appear that Plaintiff's pending case in Division I

4  implicates the Younger doctrine. However, Judge Theiler found other reasons why Plaintiff's

5  complaint should be dismissed, and therefore did not base the R&R solely on Younger abstention

6  principles.

7  B.      Actual Injury Resulting from Removal of Legal Materials

8          1.      Failure to Allege Actual Injury

9  In the order to show cause, Judge Theiler advised Plaintiff that he must show an "actual injury"

10 to have standing to maintain a civil rights claim under 42 U.S.C. § 1983 for the removal of his legal

11 materials. Judge Theiler noted that without a showing of actual injury, Plaintiff would only have "a

12 claim for lost or damaged property, which would not rise to the level of a constitutional violation."

13 (Dkt. No. 15 at 3).

14  In his response to the show cause order, Plaintiff argued that an "actual injury" was not

15 required and that prejudice may be assumed. (Dkt. No. 16 at 7). Plaintiff also asserted he "has

16 demonstrated prejudice and at an evidentiary hearing will further show 'actual injury.'" Id. Judge

17 Theiler found this response inadequate to meet the "actual injury" requirement.

18 The Court agrees with Judge Theiler's analysis of this issue. A prisoner may potentially have a

19 cause of action under Section 1983 for denial of access to the courts if prison officials confiscate or

20 destroy the prisoner's legal materials. See, e.g., Simmons v. Dickhaut, 804 F.2d 182, 183 (1st Cir.

21 1986) (collecting cases). However, the Supreme Court held in Lewis v. Casey, 518 U.S. 343 (1996),

22 that a prisoner must demonstrate "actual injury" to have standing to maintain such a claim. "An

23 'actual injury' consists of some specific 'instance in which an inmate was actually denied access to the

24 courts.'" Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). "Only if an actual injury is alleged

25 does a plaintiff state a claim for which relief can be granted." Id.; see also Barren v. Harrington, 152

ORDER - 5

1 F.3d 1193, 1195 (9th Cir. 1998) ("To state a valid claim for denial of access to the courts, a plaintiff
2 must allege an actual injury").

3       Judge Theiler also correctly noted that an actual injury may not be presumed. "Although the
4 taking of an inmate's papers will often interfere with an inmate's right of access to courts, the Court
5 may not presume harm, and some showing of impaired access is required." Arce v. Walker, 58 F.
6 Supp.2d 39, 44 (W.D.N.Y. 1999) (internal citation and quotation marks omitted). "A prisoner's
7 conclusory assertion that he suffered prejudice does not suffice to support an access to court claim."
8 Id.

9       In his objections to the R&R, Plaintiff states:

10     At an evidentiary hearing, plaintiff will demonstrate his right to seek relief in Court was
11     sabotaged because he has been unable to submit documents and prepare for argument, because
    relevant, essential, and necessary legal documents were contained in the eleven boxes
12     confiscated by the defendant's willful actions and egregious misconduct.

13 (Dkt. No. 22 at 5). However, this assertion is conclusory and does not sufficiently allege an "actual
14 injury." Plaintiff does not describe which documents he has been unable to file in any particular court
15 or case.

16       Because Plaintiff has not sufficiently alleged an actual injury to his access to the courts, his
17 Section 1983 claim based on the removal of his legal materials is subject to dismissal without prejudice
18 under 28 U.S.C. § 1915A(b)(1).

19       2.    Leave to Amend

20       Although Plaintiff's Section 1983 claim is subject to dismissal for failure to allege an actual
21 injury, the Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if
22 no request to amend the pleading was made, unless it determines that the pleading could not possibly
23 be cured by the allegation of other facts.'" Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).
24 Here, the R&R does not include a determination that Plaintiff could not possibly cure the defects in his
25 complaint by the allegation of other facts.

ORDER - 6

1  To be sure, Judge Theiler issued an order to show cause that specifically advised Plaintiff about the defects in his complaint. The order first directed plaintiff to show cause why the case should not be stayed pending the completion of state court proceedings. The order then states:

> If plaintiff makes the showing described above, allowing this case . . . to proceed, plaintiff is advised that, upon further order of the court, he will be required to amend his pleadings to correct the following deficiencies in his complaint and motion for preliminary injunction . . . .

(Dkt. No. 15 at 2). The order then describes three deficiencies with Plaintiff's pleadings, including the failure to allege an actual injury.

Although the order to show cause described defects in Plaintiff's complaint, the order did not state that Plaintiff's case would be dismissed if he failed to address those defects in his response to the order to show cause. The order stated that Plaintiff would be required to amend his pleadings "upon further order of the court." Under these circumstances, the Court finds that Plaintiff should be granted leave to amend his complaint. The Court cannot conclude at this time that the deficiencies in Plaintiff's complaint with respect to his Section 1983 claim could not possibly be cured through the allegation of additional facts.

Therefore, the Court will grant Plaintiff leave to file an amended complaint to attempt to cure the defects with his Section 1983 claim regarding the removal of his legal materials. An amended complaint must allege sufficient facts to satisfy the "actual injury" requirement for standing. If Plaintiff files an amended complaint, he should identify: (1) which documents were taken; (2) how the deprivation of the documents interfered with Plaintiff's access to the courts (for example, whether the deprivation prevented him from filing a specific complaint or responding to a motion in a pending case, or caused him to miss a court deadline or fail to comply with an order from any court); and (3) which court cases were allegedly affected by the removal of Plaintiff's legal materials. See, e.g., Harris v. Marshall, 1996 WL 161716 at *1 (N.D. Cal. Mar. 28, 1996) (setting forth similar requirements for an amended complaint in an access to the courts case involving alleged confiscation of a prisoner's legal materials).

ORDER - 7

Any amended complaint must be filed **within thirty (30) days of the date of this Order**. An amended complaint must carry the same case number as this one and will operate as a <u>complete</u> substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). If an amended complaint is not filed within 30 days, this action will be dismissed without prejudice and the case will be closed.

C.   <u>Destruction of Boxes</u>

In his complaint, Plaintiff seeks an order requiring prison officials to return 11 boxes of legal materials or to replace the materials contained in the boxes. In essence, this is a request for injunctive relief to remedy alleged violations of his right to access to the courts due to the removal of legal materials. As discussed above, Plaintiff's access to the courts claim is subject to dismissal. As a result, it is not necessary to reach the question of whether injunctive relief should be granted, since the underlying access to the courts claim is subject to dismissal without prejudice.

The R&R suggests that Plaintiff's request for a return of the boxes would also be moot because the boxes have already been destroyed. Judge Theiler raised the mootness issue in the order to show cause, which noted "plaintiff attaches an exhibit to one of his pleadings that appears to show unequivocally that the boxes were destroyed on April 7, 2006." Judge Theiler was referring to Exhibit 17 to Plaintiff's motion for injunctive relief, which included a notation by a prison official indicating the boxes had been destroyed.

In his response to the order to show cause, Plaintiff stated:

> When I first sought a TRO [in the state Court of Appeals], I had no evidence my boxes of files were destroyed. Thereafter, the Attorney General provided Ex. 17, indicating the boxes of legal files had been destroyed. Later, a prison officer asserted <u>the boxes had not been destroyed</u>. In October, another prison administrator advised that my 11 boxes of legal files had not been destroyed. Indeed, as explained to me, he asserted if I voluntarily withdrew my claims, the boxes would be returned to me. Accordingly, I ask return of my files or replacement of the documents, plus appropriate money damages.

(Dkt. No. 16 at 7) (emphasis in original).

ORDER - 8

1    The R&R notes that Plaintiff did not identify these prison officials, nor did he support his

2 assertion with any evidence, such as statements from the prison officials themselves. As a result, the

3 R&R concludes that Plaintiff had not satisfied concerns that a lawsuit seeking return of the boxes

4 would be an exercise in futility because the boxes have been destroyed.

5    The Court declines to adopt the R&R to the extent it may be construed as a determination that

6 the boxes have been destroyed. Under 28 U.S.C. § 1915A, the Court is required to screen prisoner

7 complaints and to dismiss any portion of a complaint that is "frivolous, malicious, or fails to state a

8 claim on which relief may be granted." When screening a complaint for failure to state a claim, the

9 Court must accept Plaintiff's allegations as true. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000)

10 ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true

11 all allegations of material fact and must construed those facts in the light most favorable to the

12 plaintiff"). Here, Plaintiff asserted in his motion for injunctive relief, which was filed concurrently with

13 his complaint, as follows:

14    Stein has received a rumor that his boxes were not actually destroyed by prison officials, as the
       State represented in State Court. DOC has made such false representations before, and then
15    later produced the legal files that had been allegedly destroyed.

16 (Dkt. No. 7 at 17). Construed liberally, Plaintiff's pleadings allege that he has received information

17 that the boxes were not destroyed. Such an allegation must be accepted as true at the pleading stage.

18 D.    Use of Biased Language

19    Judge Theiler's order to show cause noted that Plaintiff had referred to a person in his

20 pleadings as an "EVIL and dishonest black man," contrary to Court rules requiring bias-free litigation.

21 The R&R found that Plaintiff has provided no assurance in his response to the order to show cause

22 that he would refrain from using such language in the future. In his objections to the R&R, however,

23 Plaintiff has indicated that he will no longer use such biased language.

24    The R&R does not explicitly recommend dismissal of this action based on Plaintiff's use of

25 such language, nor does the Court find that dismissal would be warranted at this time as a sanction for

ORDER - 9

using biased language. Under Ninth Circuit law, a district court must consider imposing lesser sanctions before dismissing a case as a sanction for failing to comply with Court rules. <u>Dahl v. City of Huntington Beach</u>, 84 F.3d 363, 366 (9th Cir. 1996). Here, the lesser sanction of a warning should be sufficient to address Plaintiff's use of biased language. Plaintiff is cautioned that the use of biased language in future pleadings may result in the imposition of more severe sanctions, including the possible dismissal of this action.

E.    <u>Plaintiff's Request for Habeas Relief</u>

Plaintiff's complaint also seeks habeas corpus relief. In his complaint, he requests "[r]elease from confinement and dismissal of conviction as remedy for Government misconduct." Plaintiff also refers several times in his pleadings to 28 U.S.C. § 2254. In his objections, he asks the Court to "reinstate" the habeas case that was previously before Judge Bryan (case number C91-5523).

Although the R&R does not discuss Plaintiff's request for habeas relief, the Court finds that Plaintiff's habeas claims are subject to dismissal without prejudice because he has not exhausted available state remedies. "In order to qualify for federal habeas review, a state prisoner must exhaust all available state remedies, either through direct appeal of his conviction or through collateral proceedings." <u>Sandgathe v. Maass</u>, 314 F.3d 371, 376 (9th Cir. 2002). Here, Plaintiff's direct appeal of his 2004 conviction is still pending in the Washington courts. Until the state courts complete their review of Plaintiff's direct appeal, Plaintiff's federal habeas petition is unexhausted and must be dismissed without prejudice. Because state remedies have not been exhausted, this defect in Plaintiff's request for habeas relief cannot be cured through an amendment to his complaint.

**Conclusion**

Consistent with the discussion above, the Court adopts the R&R in part. The Court agrees that Plaintiff's complaint should be dismissed without prejudice. Plaintiff's Section 1983 claim regarding the removal of his legal materials should be dismissed without prejudice because Plaintiff has not sufficiently alleged an actual injury to his access to the courts. Plaintiff's claims for habeas corpus

ORDER - 10

1 relief should also be dismissed without prejudice because Plaintiff has not exhausted available state
2 remedies.

3 However, the Court will grant Plaintiff leave to file an amended complaint to attempt to cure
4 the deficiencies with his Section 1983 claim. Any amended complaint must be filed within <u>thirty (30)</u>
5 <u>days</u> of the date of this order. The Court does not grant Plaintiff leave to amend his complaint with
6 respect to his claims for habeas corpus relief because such claims are unexhausted and cannot be cured
7 at this time through the amendment of additional facts.

8 The Clerk is directed to send copies of this order to Plaintiff and to the Honorable Mary Alice
9 Theiler.

10 Dated: March 9, 2007

<pre>
                                        s/Marsha J. Pechman
                                        Marsha J. Pechman
                                        United States District Judge
</pre>

ORDER - 11