1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
7                            AT SEATTLE

8   JACK K. STEIN,

9                      Plaintiff,
                                                    No. C06-1047P
10        v.
                                                    ORDER ON PENDING MOTIONS
11  KENNETH QUINN,

12                     Defendant.

13

14        This matter comes before the Court on: (1) Plaintiff's motion for appointment of counsel (Dkt.

15  No. 28); and (2) Plaintiff's motions for reconsideration of the Court's order of March 9, 2007.  (Dkt.

16  Nos. 32 and 33).  Having reviewed the materials submitted by Plaintiff and the balance of the record,

17  the Court finds and ORDERS as follows:

18        (1)      The Court DENIES Plaintiff's motion for appointment of counsel.  There is no right to

19  counsel in civil rights cases under 42 U.S.C. § 1983 or in habeas proceedings.  See Rand v. Rowland,

20  113 F.3d 1520, 1525 (9th Cir. 1997); Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993).  Under 28

21  U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford

22  counsel."  However, appointment of counsel is under Section 1915(e)(1) is discretionary and is

23  appropriate only in "exceptional circumstances."  Rand, 113 F.3d at 1525.  Under 18 U.S.C. §

24

25

ORDER - 1

1    3006A(a)(2)(B), the Court has also discretion to appoint counsel in habeas proceedings when the

2    interests of justice so require.

3         In determining whether to exercise its discretion to appoint counsel, the Court must consider

4    Plaintiff's likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims

5    pro se in light of the complexity of the legal issues involved.  Weygandt v. Look, 718 F.2d 952, 954

6    (9th Cir. 1983).  Here, Plaintiff has made a variety of allegations, but he has not yet shown a likelihood

7    of success on the merits.  Plaintiff also has not shown that he is unable to adequately articulate his

8    claims in light of the complexity of the legal issues.  Instead, Plaintiff has demonstrated an ability to

9    describe facts, articulate arguments, and cite legal authority.  Therefore, the Court finds that

10   appointment of counsel is not warranted.

11        (2)     The Court DENIES Plaintiff's motions for reconsideration of the Court's order of

12   March 9, 2007.  On March 19, 2007, the Court received a letter from Plaintiff asking the Court to

13   "[p]lease construe this letter as a request for reconsideration of that portion of your Order" that

14   dismissed Plaintiff's claims for habeas relief.  (Dkt. No. 32).  Plaintiff's letter also suggested that this

15   Court should "transfer Stein's entire case to federal Court" under 28 U.S.C. § 1443.  On March 29,

16   2007, the Court received another pleading from Plaintiff titled "motion for reconsideration and for

17   other relief" (Dkt. No. 33) that seeks similar relief as requested in Plaintiff's previous letter.

18        Under Local Civil Rule 7(h), motions for reconsideration are disfavored and will ordinarily be

19   denied in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

20   legal authority which could not have been brought to the Court's attention earlier with reasonable

21   diligence.  Here, Plaintiff has not shown error in the Court's dismissal of his habeas claims under 28

22   U.S.C. § 2254.  The Court dismissed Plaintiff's claims for habeas relief without prejudice as

23   unexhausted.  It is undisputed that Plaintiff's direct appeal of his 2004 criminal conviction is still

24   pending in the Washington courts.  As a result, Plaintiff has not exhausted available state remedies for

25   challenging his 2004 conviction.  See, e.g., Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983)

ORDER - 2

1   ("[w]hen . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petition

2   must await the outcome of his appeal before his state remedies are exhausted, even where the issue to

3   be challenged in the writ of habeas corpus has been finally settled in the state courts.").

4          Plaintiff appears to suggest that he may maintain a habeas action under 28 U.S.C. § 2254 based

5   on allegations of misconduct by government officials and others in connection with Plaintiff's previous

6   conviction in 1989 and his efforts to obtain relief from that conviction.  However, the 1989 conviction

7   was reversed by the Washington Court of Appeals in 1999.  See State v. Stein, 94 Wn. App. 616

8   (1999).  The Washington Supreme Court affirmed the courts of appeals' decision in 2001 and

9   remanded for a new trial.  See State v. Stein, 144 Wn.2d 236 (2001).  As a result, Plaintiff is no longer

10  in custody pursuant to the 1989 conviction and there is no longer a basis for Plaintiff to seek habeas

11  relief from the vacated 1989 conviction.  Instead, Plaintiff is now in custody pursuant to his 2004

12  conviction, which is currently on direct appeal in state court.

13         In Stein v. Lucas, a previous habeas petition that Plaintiff filed in this Court, Plaintiff was

14  advised that prior criminal convictions that had been overturned were not relevant to Plaintiff's claims

15  for habeas relief.  See Stein v. Lucas, C04-5499FDB, slip op. at 7 (W.D. Wash. Jan. 21, 2005)

16  (directing Plaintiff to file amended habeas petition and noting that "[p]rior criminal convictions that

17  have been overturned are not relevant").  As Magistrate Judge Strombom noted in that case, "[e]vents

18  from other prior criminal trials are irrelevant.  Petitioner obtained the relief he was entitled to when the

19  state court ordered a new trial."  See Stein v. Lucas, C04-5499FDB, slip op. at 2-3 (W.D. Wash. Mar.

20  16, 2005).  As a result, the Court dismissed Plaintiff's habeas claims without prejudice as unexhausted

21  because his direct appeal of the 2004 conviction was still pending in state court.  See Stein v. Lucas,

22  C04-5499FDB, slip. op. at 1-2 (W.D. Wash. June 6, 2005) (adopting report and recommendation of

23  Magistrate Judge Strombom that Plaintiff's habeas petition be dismissed without prejudice as

24  unexhausted).  Similarly, Plaintiff's habeas claims in this case must also be dismissed without prejudice

25  as unexhausted.

ORDER - 3

1    Plaintiff also suggests that this Court should transfer his state-court case to federal court

2    pursuant to 28 U.S.C. § 1443, a statute that provides for removal of civil rights actions to federal

3    court. This argument is without merit on multiple grounds. To remove a state-court criminal case to

4    federal court, the defendant in the state-court criminal prosecution must file a notice of removal "not

5    later than thirty days after arraignment in the State court, or at any time before trial, whichever is

6    earlier, except that for good cause shown the United States district court may enter an order granting

7    the defendant or defendants leave to file the notice at a later time." 28 U.S.C. § 1446(c)(1).

8    Here, Plaintiff has not filed a notice of removal. Even if he had, removal would be untimely

9    under 28 U.S.C. § 1446(c)(1) and Plaintiff has not shown cause for failing to act earlier. In addition,

10   "[t]o remove a civil rights case under section 1443, it must appear that the right allegedly denied arises

11   under a federal law 'providing for specific civil rights stated in terms of racial equality,' and that the

12   removal petitioner is denied or cannot enforce the specific federal right in state court." Hewitt v. City

13   of Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986). In this case, there is no allegation that Plaintiff has

14   been denied a right arising under federal law providing for specific civil rights stated in terms of racial

15   equality. Although Plaintiff brought civil rights claims under 42 U.S.C. § 1983 in his initial complaint,

16   courts have held that "claims arising under non-racially oriented statutes such as 42 U.S.C. § 1983" do

17   not satisfy the test for removal under 28 U.S.C. § 1443. See Smith v. Winter, 717 F.2d 191, 194 (5th

18   Cir. 1983).

19   Finally, Plaintiff argues that the Court should "take custody of him" and "cause his transfer to

20   appropriate federal officials without delay." Plaintiff cites no legal authority for this request, which

21   appears to be tied to his request that the Court transfer his state court case to federal court.

22   //

23   //

24   //

25   //

ORDER - 4

1    (3)    Therefore, the Court DENIES Plaintiff's pending motions (Dkt. Nos. 28, 32, and 33).

2  The Clerk is directed to send a copy of this order to Plaintiff.

3    Dated:   April 10, 2007

4

5                                           s/Marsha J. Pechman
                                            Marsha J. Pechman
6                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ORDER - 5